**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

LINCOLN GENERAL INSURANCE CO.,　　　:　　CIVIL ACTION
　　　　　　　　　　　　　　　　　:
　　　　　　Plaintiff,　　　　　:　　No. 04-4742
　　　　　　　　　　　　　　　　　:
　　v.　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　:
DAMON GUINN, SHERMAN BURT, and　:
DOLLAR RENT-A-CAR SYSTEMS, INC.　:
d/b/a DTG OPERATIONS,　　　　　:
　　　　　　　　　　　　　　　　　:
　　　　　　Defendants.　　　　:

**MEMORANDUM AND ORDER**

JOYNER, J.　　　　　　　　　　　　　　　　**May 24, 2005**

　　Via the instant motion, Defendant Sherman Burt moves for reconsideration of this Court's Order dated April 28, 2005 denying as moot Plaintiff's Motion for Judgment on the Pleadings. For the reasons that follow, we will grant Defendant Burt's Motion for Reconsideration.  Upon reconsideration, this Court must also grant Plaintiff's Motion for Judgment on the Pleadings.

**Factual Background**

　　The undisputed evidence before this court indicates that Defendant Damon Guinn rented an automobile at Dollar Rent-A-Car on March 9, 2003, and purchased a Supplemental Liability Insurance (SLI) policy issued by Plaintiff Lincoln General Insurance Co. in connection with the rental.

　　On March 14, 2003, officers with the Gloucester Township Police Department were following and observing Defendant Guinn

because a confidential informant had advised them that Guinn would be delivering marijuana in a vehicle matching the description of the rental car.  Detective Jason Gittens and Defendant Patrolman Sherman Burt observed that Guinn was not wearing a seat belt, and Defendant Burt conducted a motor vehicle stop on this basis.  The officers detected the odor of marijuana, and observed that Guinn was nervous and sweating.  When Defendant Burt requested that Guinn step out of the vehicle, Guinn opened the driver's side door slightly and sped away, striking and injuring Defendant Burt's wrist and hand.  Defendant Guinn was restrained after a chase, and approximately three and a half pounds of marijuana were found in his vehicle.  He was charged with possession and distribution of a controlled substance, aggravated assault, resisting arrest, and criminal mischief, and pled guilty to resisting arrest.

Plaintiff Lincoln General Insurance Co. brought this 28 U.S.C. § 2201 action, seeking declaratory judgment that it is not obligated to defend or indemnify Defendant Guinn under the terms of the SLI.  Plaintiff moved for entry of default judgment after Defendant Guinn failed to respond to the Complaint.  Judgment by default was entered against Defendant Guinn and in favor of Plaintiff Lincoln General on January 28, 2005.  Plaintiff then filed a Motion for Judgment on the Pleadings, which this Court denied as moot on April 28, 2005 on the grounds that the entry of

judgment against Defendant Guinn was effective as of January 28, 2005.  In the same Order, this Court clarified the nature of the judgment that had been entered against Defendant Guinn: namely, that "Plaintiff Lincoln General Insurance Co. has no obligation to defend or indemnify Mr. Guinn or to honor any other claims made under Supplemental Liability Insurance Policy #SLI100004 because the coverages have been waived, are void, or do not exist because of exclusions and/or public policy."

## Discussion

### I. Defendant Burt's Motion for Reconsideration

Defendant Sherman Burt, who was injured by the rented automobile of Defendant Damon Guinn on March 14, 2003, now seeks reconsideration of this Court's April 28, 2005 Order.  Defendant Burt does not deny that default judgment was entered in favor of Plaintiff and against Defendant Guinn on January 28, 2005, but objects to this Court's subsequent correction of that judgment on the grounds that the correction contained "a substantive ruling on the insurance policy as [it] impacts Sherman Burt."

The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence.  Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3rd Cir. 1985).  A party filing a motion to reconsider must rely on at least one of the following grounds: (1) the availability of new

evidence that was not available when the court granted the motion for summary judgment; (2) an intervening change in controlling law; or (3) the need to correct an error of law or to prevent manifest injustice. <u>Hartford Fire Ins. Co. v. Huls Am., Inc.</u>, 921 F. Supp. 278, 279 (E.D. Pa. 1995). Absent one of these three grounds, it is improper for a party moving for reconsideration to "ask the Court to rethink what [it] had already thought through – rightly or wrongly." <u>Glendon Energy Co. v. Borough of Glendon</u>, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993).

Defendant Burt has not identified which of the three grounds for reconsideration he is seeking in this action, and has cited no legal authority to support his position. However, despite Defendant Burt's failure to adequately brief this issue, this Court now recognizes that its April 28, 2005 Order denying as moot Plaintiff's Motion for Judgment on the Pleadings contained an error of law. In a declaratory judgment action brought by an insurer against the insured and an injured party, the Third Circuit has held that the rights of the injured party are independent of the rights of the co-defendant insured. <u>Federal Kemper Ins. Co. v. Rauscher</u>, 807 F.2d 345, 351-54 (3rd Cir. 1986). Where default has been entered against the insured, the injured party nonetheless has standing to "present its case upon the ultimate issues, even if the insured does not choose to participate." <u>Federal Kemper Ins. Co.</u>, 807 F.2d at 354-55.

4

Thus, when Plaintiff moved for judgment on the pleadings with respect to its obligation to defend and indemnify Defendant Guinn, this Court erred in denying Plaintiff's motion as moot rather than considering the merits of the motion and Defendant Burt's response.  We shall therefore now address the merits of Plaintiff's Motion for Judgment on the Pleadings.

## II.   <u>Plaintiff's Motion for Judgment on the Pleadings</u>

Motions for judgment on the pleadings filed pursuant to Federal Rule of Civil Procedure 12(c) are decided under the same standard as Rule 12(b)(6) motions to dismiss.  <u>County Council v. SHL Systemhouse Corp.</u>, 55 F. Supp. 2d 334, 335 (E.D. Pa. 1999). Where matters outside the pleadings are introduced, however, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56.  Fed. R. Civ. P. 12(c).  Thus, a complaint may be dismissed under Rule 12(c) only if the movant establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law.  <u>Soc'y Hill Civic Ass'n v. Harris</u>, 632 F.2d 1045, 1054 (3rd Cir.  1980).

Plaintiff, in its Motion for Judgment on the Pleadings, seeks a declaration that it is not obligated to defend or indemnify Defendant Guinn or to honor any claims made by injured parties under Defendant Guinn's SLI policy.  The SLI policy, which is governed by Pennsylvania law, excludes from coverage any injuries "expected or intended" by the insured, as well as

injuries arising from use of the rental car "[f]or any illegal purpose." SLI ¶ 4(f); SLI ¶ 4(a)(3). Furthermore, the Rental Agreement signed by Defendant Guinn specified that the SLI would become void if the renter violated the terms of the Rental Agreement, which prohibits intentionally causing bodily injury, using the automobile for an illegal purpose, or using the automobile in the commission of a crime that could be charged as a felony. Plaintiff contends that it is not obligated to provide coverage for the injuries suffered by Defendant Burt because they were inflicted intentionally while Defendant Guinn was using the rental car for an illegal purpose.

Defendant Burt maintains that Defendant Guinn did not intend or expect to injure him when he opened his car door and sped away from the traffic stop, and that a factual hearing is necessary to determine exactly what transpired. Defendant Burt further maintains that the SLI's exclusion of coverage for injuries sustained while using the rental car for an "illegal purpose" is overbroad and ambiguous.

This Court finds Defendant Burt's position to be without merit. Even if Defendant Burt's injuries were sustained as a result of Defendant Guinn's unintentional acts, coverage for these injuries is expressly limited by the SLI's unambiguous prohibition regarding illegal purposes. Defendant Burt cannot deny that Defendant Guinn was using the rental car for the

6

illegal purpose of transporting more than three pounds of marijuana for intended sale.  Furthermore, Defendant Burt's injuries were inflicted by Defendant Guinn as he was resisting arrest, in itself an illegal act to which he ultimately pled guilty.  The circumstances of his flight and the intentionality of the resulting injury are irrelevant.

In a declaratory judgment action brought by an insurer concerning a policy that excluded coverage of intentional injuries but did not specifically exclude illegal acts, the Pennsylvania Supreme Court held that, "when an insured commits a criminal act with respect to a Schedule I controlled substance, and unintended or unexpected injuries or losses occur as a result, whether by accident or negligence, public policy will not allow coverage under the contract of insurance." Minn. Fire & Cas. Co. v. Greenfield, 855 A.2d 854, 866 (Pa. 2004).  Where, as here, the insurance policy in question specifically excludes coverage for injuries occurring while using the rental car for illegal purposes, there can be no question that Pennsylvania law dictates the same result.  Even if the injury sustained by Defendant Burt was not intended or expected by Defendant Guinn, both the SLI policy itself and Pennsylvania public policy exclude coverage because such injury occurred while Defendant Guinn was using the rental car for unquestionably illegal purposes.  Thus, recovery by Defendant Burt under the terms of the SLI is

prohibited as a matter of law, and Plaintiffs' motion for judgment on the pleadings must be granted.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

```
LINCOLN GENERAL INSURANCE CO.,     :    CIVIL ACTION
                                   :
             Plaintiff,            :    No. 04-4742
                                   :
     v.                            :
                                   :
DAMON GUINN, SHERMAN BURT, and     :
DOLLAR RENT-A-CAR SYSTEMS, INC.    :
d/b/a DTG OPERATIONS,              :
                                   :
             Defendants.           :
```

**ORDER**

AND NOW, this 24th day of May, 2005, upon consideration of Defendant Sherman Burt's Motion for Reconsideration (Doc. No. 29) of this Court's Order dated April 28, 2005 (Doc. No. 28), and all responses thereto (Doc. No. 30), it is HEREBY ORDERED that the Motion is GRANTED.

Upon reconsideration of Plaintiff's Motion for Judgment on the Pleadings (Doc. No. 22) and all responses thereto (Docs. No. 24, 26, 27), it is HEREBY ORDERED that the Motion is GRANTED and judgment is entered on behalf of Plaintiff in this action.  It is FURTHER ORDERED that Plaintiff Lincoln General Insurance Co. has no obligation to defend or indemnify Defendant Damon Guinn for any of his activities on March 14, 2003 or to honor any claims made under Supplemental Liability Insurance Policy #SLI100004.

BY THE COURT:


s/J. Curtis Joyner
J. CURTIS JOYNER, J.